UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NKEREUWEM T. UKO,

        Plaintiff,

v.                                            Case No. 17-cv-1260-pp

STATE OF WISCONSIN IRIS PROGRAM,

        Defendant.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT BY THE END OF THE DAY ON JULY 13, 2018**

---

On September 19, 2017, the plaintiff, who is representing himself, filed a complaint against the State of Wisconsin IRIS (Include, Respect, I Self-Direct) Program. Dkt. No. 1. The plaintiff also asked the court for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court finds that the plaintiff does not have sufficient income to pay the filing fee, but will require her to file an amended complaint.

**I.**       **Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee**

The court may allow a litigant to proceed without prepayment of the filing fees if two conditions are met: (1) the litigant is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

1

A. Plaintiff's Ability to Pay the Filing Fee

The plaintiff states that she is unemployed, single and financially responsible for her sixty-year old daughter. Dkt. No. 2. She receives a $733 Social Security payment each month, and shares monthly rent payment (she does not say how much it is) with her daughters. Id. at 2. The plaintiff says that her monthly expenses (which include $150 in "family obligations" to someone in Nigeria) total $600, and she has a total of $100 in her checking account. Id. at 3. According to the plaintiff, the electrical company disconnected her electricity on June 13, 2017 and had not reconnected the electricity by the date of filing (September 19, 2017). Dkt. No. 2-2. Based on her affidavit and attachments, the court is satisfied that the plaintiff cannot pay the filing fee.

B. Screening

Although plaintiff has demonstrated that she cannot pay the filing fee, the court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious,"

2

although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

If a plaintiff wishes to proceed on a claim that someone violated her civil rights under 42 U.S.C. §1983, she must allege facts sufficient to support the inference that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the person or persons who deprived her of

3

that right was a person acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

  C. The Substance of the Plaintiff's Complaint

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "*short and plain*" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [she] intends to assert against which defendants." Dunigan v. St. Clair Cty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." Kadamovas v. Stevens, 706 F.3d 843, 844 (7th Cir. 2013) (quoting Garst, 328 F.3d at 378). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." Id.

4

Although the complaint itself is only five pages long, the plaintiff has attached an additional one hundred and nineteen pages of exhibits and lower court decisions. Dkt. No. 1. The plaintiff's supporting brief, dkt. no. 4, contains ninety-four pages of exhibits. As the Seventh Circuit indicated in Kadamovas, if the plaintiff has included factual allegations that have merit, she has buried them in pages and pages of conclusions, allegations and unnecessary detail.

In the complaint itself, the plaintiff named the "IRIS Program, State of Wisconsin"[1] as the sole defendant, but she included the name of her IRIS consultant, Michelle Smith, in parentheses. Dkt. No. 1 at 1. The plaintiff alleges that she was "disenrolled" from the program on May 31, 2017, and from "other services" on July 31, 2017, "using staged non-compliance with IRIS Policy 7.1A1;" she does not say who "disenrolled" her. Dkt. No. 1 at 2. She says, however, that Michelle Smith made threatening comments and failed to accommodate certain of the plaintiff's needs—her need to meet at her home, her need for an interpreter. Id. The plaintiff alleges that the administrative and appeal process denied her due process under the Fourteenth Amendment, and violated her basic human rights and the Fourth Amendment. Id. at 3.

The complaint becomes confusing when the court reviews the plaintiff's request for relief. She asks the court to: (1) reverse "the court decision" and

---

[1] According to the Wisconsin Department of Health Services website, "The IRIS program is a Medicaid Home and Community-Based Services waiver for self-directed long-term supports." https://www.dhs.wisconsin.gov/iris/index.htm (last visited June 10, 2018). It is an "option for adults with long-term care needs." Id. People enrolled in IRIS "manage goods and services to meet their long-term care needs and use IRIS-funded, waiver eligible supports and services to remain in the community and avoid institutional care." Id.

reinstate her benefits; (2) investigate "the bodies that are using government machineries and other agencies to carry out the torts and pretext actions to prevent due process in this case;" and (3) return "the surrogate (test tube) babies predominately located in Wisconsin, and other places being her grandchildren and the Michelin Group, USA, Madam Uko being the late Taylor Udo Uko's widow." Id. at 4. In the plaintiff's request for relief, she indicates that she and her family have been "marginalized to deter them from asking for the release of the surrogate children and Michelin issues," id., and asks that the court protect her and her offspring and "release the surrogate to their maternal family and award judgments to commensurate with the torts done to her and family members," id. She tells the court that Mind Reader Resources can substantiate her statements. Id. She signed the complaint under penalty of perjury. Id. at 5.

Some of the exhibits attached to the complaint reference the plaintiff's attempts to challenge her disenrollment from IRIS in the state courts. The plaintiff filed a petition in the Milwaukee County Circuit Court for review of the decision to terminate her enrollment in the IRIS program. Dkt. No. 1-4. The IRIS program (State of Wisconsin) moved to dismiss on the ground that the court lacked jurisdiction because (1) the petition did not meet the requirements of Wis. Stat. §802.05(1) and (2) the plaintiff did not properly file and serve the petition within thirty days of the agency decision as required by Wis. Stat. §227.53(1). Dkt. No. 1-3. The circuit court granted the motion to dismiss because the plaintiff's daughter, who does not have a law license, could not

6

represent the plaintiff and the plaintiff did not sign the documents. The state court also found that the petition never was properly served on the state. Id.

The Wisconsin Court of Appeals refused to take action because the plaintiff's daughter continued to file on the plaintiff's behalf; it is unlawful for anyone not licensed to practice law in Wisconsin to appear on behalf of another person in state court. Dkt. No. 1-2. The court also indicated that the plaintiff failed to file a timely notice of appeal, and it concluded that no appeal was properly pending before the court. Id.

The plaintiff attached additional documents to the complaint; it is not clear how, or whether, these documents are related to her claim that the disenrollment from IRIS was unconstitutional. For example, she attached her daughter's pleadings from an unrelated case that had been pending in this district, dkt. no. 1-11, and copies of utility bills, a copy of a parking ticket and communications with utility companies, dkt. no. 1-12.

The plaintiff's supporting memorandum contains a two-page statement of jurisdiction (citing Irish, Wisconsin and federal law) and a section entitled "Analysis of Standard of Review Employed by the Lower Courts." Dkt. No. 4 at 1-2. The remaining twenty-four pages include the petition for supervisory writ to the Wisconsin Supreme Court, updated Exhibit 3, state court orders and documents, and Exhibit 11. Dkt. No. 4. The sixty-nine pages of attachments include the state court orders and briefs. Throughout the state court proceedings, the plaintiff challenged her disenrollment from IRIS, but also asserted that "IRIS is a satanic organization that will kill her and other family

members if she stays enrolled through the same system (Mind Reader)." Dkt. No. 4 at 8. The plaintiff alleges she was assaulted by the Director of the Little Leader Academy, and that the same week, the director tampered with a pizza that someone from the plaintiff's household had ordered. Id. at 10, ¶3.

Based on the allegations in the complaint and all of the exhibits that the plaintiff has filed in support of her complaint, her allegations appear to fall into two categories: (1) her constitutional challenge to her disenrollment from the IRIS program; and (2) various allegations regarding test-tube babies, issues her daughter has had, financial problems and assaults. The second category does not appear to involve the IRIS or the State of Wisconsin, and it does not state claims for which a federal court may grant relief. The court will not allow the plaintiff to proceed on any claim other than her claim that her disenrollment from the IRIS program violated her civil rights.

But the plaintiff has a problem with that claim, as well. The plaintiff cites 28 U.S.C. §1331, the law that says that a federal district court has jurisdiction over a case that arises under federal statutes or the federal Constitution. In order for a federal court to have jurisdiction over a case under §1331, the plaintiff must sue a defendant who is suable under 42 U.S.C. §1983. It does not appear that the plaintiff has done that here.

There is a process available to someone who wants to challenge actions taken by IRIS—an agency of the state of Wisconsin—but filing a lawsuit in federal court is not that process. Participants in the IRIS program must use the Medicaid State Fair Hearing process to appeal actions by the IRIS agency. IRIS

Policy 11.1. This process requires the participant to submit a formal appeal request to the Division of Hearings and Appeals within forty-five calendar days of the Notice of Action. Id. The Division of Hearings and Appeals provides a written decision to the participant within ninety days. Id. The participant then may request a rehearing if she thinks the decision was based on a serious mistake in the facts or the law or if new evidence would change the decision. If the participant does not agree with the ALJ's decision, then the participant may request a rehearing within twenty days after the date of the written decision. Wis. Stat. §227.49. A participant may appeal to the circuit court in the county in which she lives no more than thirty days after the date of the decision or thirty days after a denial of a timely rehearing. Wis. Stats. §§227.52 and 227.53. Any party may secure a review of the final judgment of the circuit court by appeal to the court of appeals within the time period specified in Wis. Stat. §808.04(1). Wis. Stat. §227.58.

It is not clear whether the plaintiff has used this process, but even if she has, a federal court cannot conduct judicial review of a state administrative agency's action, or a state court's action, where the underlying administrative action has an adjudicative component. Hameetman v. City of Chi., 776 F.2d 636, 640 (7th Cir. 1985). Federal courts do not have general appellate authority over state courts or state agencies. Id. Nor can a plaintiff sue a state or a state agency under 42 U.S.C. §1983, the federal civil rights statute. Bradley v. Wis. Dept. of Children and Families, 528 Fed. Appx. 680, 681 (7th Cir. 2013). Instead, §1983 allows federal courts to "decree injunctive and other

9

relief against state *officers*, including hearing officers and other adjudicators, who violate federal rights." Hameetman, 776 F.2d at 640. In other words, a plaintiff can sue a *person* for violating her civil rights under §1983, but she cannot sue a *state agency*. The plaintiff appears to be trying to sue IRIS; it is not clear whether she also wishes to sue Michelle Smith, or any other individual who might be subject to suit under §1983.

The court will allow the plaintiff to try to amend her complaint. The plaintiff must use the court's form for the amended complaint; the court is enclosing a blank copy for her use. She must write the word "amended" in front of the word "complaint" at the top of the first page. She must put the case number for this case—17-cv-1260—in the space for the case number. The plaintiff cannot list "IRIS" or the state of Wisconsin as a defendant. She may only name individuals. In the body of the complaint, the plaintiff must explain what each individual did to deny her her constitutional rights, and when they did it. She may not use more than five (5) pages total to give this explanation—not five pages per defendant, but five pages total. She may not provide any further attachments—only an amended complaint of five pages or less.

If the plaintiff does not file an amended complaint—one that complies with this order—by the deadline the court has set below, the court will dismiss this case without further notice or hearing, for failure to state a claim for which a federal court can grant relief.

**II. CONCLUSION**

The court **GRANTS** the plaintiff's request to proceed without prepaying the filing fee. Dkt. No. 2.

This court **ORDERS** that the the plaintiff file an amended complaint (no more than five pages with no attachments or exhibits), **in time for the court to receive it by the end of the day on July 13, 2018**. If the plaintiff does not file the amended complaint in time for the court to receive it by the end of the day on July 13, 2018, the court will dismiss the case for failure to state a claim.

Dated in Milwaukee, Wisconsin this 11th day of June, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**