UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NKEREUWEN TAYLOR UKO,

        Plaintiff,

v.                                                 Case No. 17-cv-1260-pp

IRIS PROGRAM,
JODY BRASSFIELD,
and MICHELLE SMITH,

        Defendants.

---

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 7), DISMISSING IRIS PROGRAM AND JODY BRASSFIELD AS DEFENDANTS, AND ORDERING THE U.S. MARSHAL TO SERVE MICHELLE SMITH**

---

      On June 11, 2018, the court granted the plaintiff's request to proceed without the prepayment of the filing fee, but required her to file an amended complaint—no more than five pages—by July 13, 2018. Dkt. No. 5. The court explained to the plaintiff that she could not sue "IRIS" or the State of Wisconsin as defendants; she could sue only individuals. Id. at 10. The court also explained that the plaintiff needed to tell the court what each individual had done to deny her her constitutional rights, and when they did it. Id. On June 18, 2018, the plaintiff filed a nine-page response to the court's order, dkt. no. 6, as well as a five-page amended complaint, dkt. no. 7. The court will dismiss IRIS (State of Wisconsin) and Jody Brassfield as defendants, but will allow the plaintiff to proceed on a claim that Michelle Smith violated her constitutional rights by discriminating against her based on her national origin.

1

## I. Plaintiff's Response (Dkt. No. 6)

The court did not authorize the plaintiff to file a "response" to the court's June 11, 2018 screening order. The only appropriate "response" for the plaintiff to file was an amended complaint. The "response" does not provide the court with any further insight regarding the plaintiff's claims; it summarizes many documents that she filed last fall, and makes many allegations that the court does not understand. The court will take no further action on the plaintiff's "response."

## II. Plaintiff's Amended Complaint (Dkt. No. 7)

The court previously allowed the plaintiff to proceed without prepaying the filing fee, but explained that it still had to determine whether the plaintiff's claims were frivolous or malicious, and whether the complaint fails to state a claim upon which relief may be granted and/or seeks monetary relief against a defendant immune from suit. 28 U.S.C. §§1915(a) and (e)(2). A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). A plaintiff must provide a defendant with fair notice of her claim and the "grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

In her amended complaint, the plaintiff names three defendants: (1) IRIS Program, State of Wisconsin; (2) Jody Brassfield, Section Chief—Office of IRIS Management; and (3) Michelle Smith, IRIS consultant. The court already has explained to the plaintiff that she cannot sue IRIS or the State of Wisconsin as

2

defendants. The court will dismiss IRIS Program/State of Wisconsin as a defendant.

On the first page of the amended complaint, the plaintiff typed "Jody Brassfield, Section Chief—Office of IRIS Management" in the caption of the complaint. Dkt. No. 7 at 1. That is the only time in the five-page amended complaint the plaintiff mentions Jody Brassfield. The plaintiff does not describe any actions that Jody Brassfield took to violate her constitutional rights. The court suspects, given Brassfield's title, that the plaintiff named Brassfield as a defendant because Brassfield may be Michelle Smith's supervisor. For a supervisor to be liable for violating someone's constitutional rights under 42 U.S.C. §1983, the supervisor must be "personally responsible for the deprivation of the constitutional right." Matthew v. City of E. St. Louis, 675 F.3d 703, 708 (7th Cir. 2012) (quoting Chavez v. Ill. State Police, 251 F.3d 612, 651 (7th Cir. 2001)). The plaintiff has not alleged facts to show that Brassfield was personally liable for depriving her of any rights, so the court will dismiss Brassfield as a defendant.

Finally, the plaintiff sued Michelle Smith in her capacity as an IRIS consultant. The plaintiff alleges that Smith "started relating to [the plaintiff] with threatening statements and was not willing to make any adjustments." Dkt. No. 7 at 2. According to the plaintiff, Smith demanded that the plaintiff (who is 83) meet outside the plaintiff's home, provide an interpreter for herself, and remove the plaintiff's daughter from the home. Id. The plaintiff believes that Smith's conditions for participation in the IRIS program contradicted IRIS

3

policy. Id. The plaintiff concludes that the "whole process lacks due process of the 14th Amendment" and violates basic human rights in the Fourth Amendment. She cites "citizenship rights" under §1981a based on "unlawful intentional discrimination" because the plaintiff is Nigerian. Id. at 3.

A court must give a self-represented plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). Section 1983 prohibits any person acting under "color of state law" from depriving individuals of rights guaranteed under the constitution. 42 U.S.C. §1983. Section 1981(a) of Title 42 provides that anyone within the jurisdiction of the United States has the same right to the full and equal benefit of the laws as white citizens enjoy.

Construing the plaintiff's claims liberally, the court concludes that the plaintiff may be trying to assert a claim that Michelle Smith violated 42 U.S.C. §1981a by discriminating against her based on her national origin. The Seventh Circuit Court of Appeals, however, has held that a plaintiff cannot sue solely based on national original discrimination under §1981. Anooya v. Hilton Hotels Corp., 733 F.2d 48, 49-50 (7th Cir. 1984). The plaintiff also may be trying to assert a claim that Smith violated her right to equal protection of the law under the Fourteenth Amendment, by discriminating against her based on her national origin. Actions by local government actors influenced by national origin can give rise to a civil rights claim under §1983. See, *e.g.*, Majeske v. City of Chi., 218 F.3d 816, 819-20 (7th Cir. 2000). At this early stage, the court

will allow the plaintiff to proceed on a Fourteenth Amendment equal protection claim against Michelle Smith.

The court notes, however, that even if the plaintiff pursues this lawsuit against Smith, the court cannot grant much of the relief she has requested. The plaintiff's statement of relief reads as follows:

> Madam Uko requests that the court decision be reversed in order to redress issues concerning her, as well as reinstate her benefits. The standard of review employed features "silence" while Uko and her family are treated with substances amounting to negative medications causing her and the rest of the family members emotional distresses. Deliberations overheard from these resources point to the unwillingness to relinquish the: oneness of tire (Michelin USA); surrogate children (stem cell/genetic research products and other holdings pertaining to her by organization(s), disguising themselves and utilizing government agencies/other agencies as conduits for torts against her. Uko requests the Court to: investigate this body, Michelin and surrogate children issues and to cause the release of Michelin and surrogates. Also, protect her and her family against these bodies as well as award judgments to commensurate with the torts done to them. Mind Reader Resources can substantiate these statements.

Dkt. No. 7 at 4.

The plaintiff had an opportunity to seek reinstatement of her IRIS benefits in the state courts—that is not relief that this court can grant. The court does not understand the plaintiff's allegations about Michelin USA and surrogate children, but they do not involve Smith; because Smith is now the only defendant in the case, the court cannot grant relief on those claims. The court has no authority to order an investigation of an unknown body. The court does not intend to consult Mind Reader Resources when making its decision; the court considers only facts admitted into evidence and statutory and case law in making its decisions. Even if the plaintiff is successful in her claim

against Michelle Smith, the only relief the court will be able to grant is a money judgment.

## III. Conclusion

The court **DISMISSES** defendants IRIS Program/State of Wisconsin and Jody Brassfield.

The court **ORDERS** that, under 28 U.S.C. §1915(d) and Fed. R. Civ. P. 4, the United States Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons and this order on Michelle Smith, who is identified as an IRIS Consultant. Even though the court has permitted the plaintiff to proceed without prepaying the filing fee, the plaintiff remains responsible for the cost of serving the complaint on the defendants. The court advises the plaintiff that Congress requires the U.S. Marshal's Service to charge for making or attempting to make such service. 28 U.S.C. §1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule appears in Revision to United States Marshals Service Fees for Services. See 28 C.F.R. §0.114(a)(2) and (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because the plaintiff does not have the money pay the filing fee, it has not made any provision for either the court or the U.S. Marshals Service to waive this cost.

The court **ORDERS** that within sixty days of being served with the complaint, summons and this order, defendant Michelle Smith shall answer or otherwise respond to the complaint.

The court advises the plaintiff that there is no further action for her to take now. Once defendant Smith has answered or otherwise responded to the complaint, the court will issue a scheduling order, setting out deadlines for taking further actions.

Dated in Milwaukee, Wisconsin this 20th day of July, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**